IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARRIS ASAHARA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES CORREA, CHARLES M. CHAI, JR., JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS AND OTHER ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 06-00051 SOM-KSC<br><br>FINDING AND RECOMMENDATION TO REMAND ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

FINDING AND RECOMMENDATION TO REMAND ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

On February 6, 2006, Plaintiff Harris Asahara (“Plaintiff”) filed Plaintiff’s Motion to Remand (“Motion”). On March 29, 2006, Defendant United States of America (“Defendant United States”) filed Defendant United States of America’s Opposition to Plaintiff’s Motion to Remand (“Opposition”).

The matter came on for hearing on April 24, 2006. Attorney William Fenton Sink appeared on behalf

of Plaintiff; Assistant United States Attorney Edric M. Ching appeared on behalf of the Defendant United States.

In his Complaint, Plaintiff, a former federal employee of the Transportation Security Administration ("TSA") alleges that his former supervisors, Charles M. Chai ("Chai") and James Correa ("Correa") made defamatory statements about him regarding false allegations of illegal drug use and misrepresentations about his character. Plaintiff claims that he was terminated as a result. Specifically, Plaintiff alleges that he received a letter from Chai on November 19, 2004, containing accusations of dishonesty and notifying Plaintiff of his proposed removal from employment. Shortly thereafter, on December 6, 2004, Plaintiff received a letter from Correa removing him from employment and ordering Plaintiff's termination. Plaintiff claims he was told that his termination was because of illegal drug use, despite the fact that Plaintiff's drug tests had been negative. In addition, Plaintiff alleges that Chai and Correa violated his

privacy by conspiring to obtain Plaintiff's medical records under false pretenses and distributing the records. While Plaintiff's Complaint could be construed to include numerous causes of action, at the hearing, Plaintiff clarified that the only cause of action he is alleging in his Complaint is defamation.

On January 24, 2006, pursuant to 28 U.S.C. § 2679(d)(2) and 28 C.F.R. § 15.3, the United States Attorney certified that Correa and Chai were acting within the scope of their employment as employees of the TSA and removed the case to federal court. Plaintiff has neither opposed the certification nor contended that Correa or Chai were not acting within the scope of their employment. On March 6, 2006, the United States Attorney filed its Notice of Substitution of the United States as Defendant pursuant to 28 U.S.C. § 2679(d)(1).

Plaintiff argues that the Court lacks subject matter jurisdiction and personal jurisdiction over his claim. Plaintiff claims that no diversity jurisdiction exists because he did not name the United States as a

defendant, and the United States is not a proper party to this action.

Defendant United States argues that the Court has subject matter jurisdiction because Plaintiff's claim is governed by the Federal Tort Claims Act ("FTCA"). Defendant United States argues that removal was mandatory under 28 U.S.C. § 1441(b) because Plaintiff's claims are governed by the FTCA. Pursuant to 28 U.S.C. § 1346(b)(1), the federal district court has exclusive jurisdiction over FTCA actions.

In considering a motion to remand, the court should first determine whether a plaintiff has asserted a removable claim in his complaint. If the court lacks subject matter jurisdiction to hear a plaintiff's complaint, then remand is mandatory. 28 U.S.C. § 1447(c). On a motion to remand, the district court need not litigate the substantive issues in the case, rather it should limit its inquiry to jurisdictional issues. See Green v. Amerada Hess Corp., 707 F.2d 201, 204 (5th Cir. 1983).

At issue in this case is whether the Court has subject matter jurisdiction to hear Plaintiff's claim. While Defendant United States argues that the Court has subject matter jurisdiction pursuant to the FTCA, the Court finds that the Civil Service Reform Act ("CSRA"), not the FTCA, governs Plaintiff's claim. See 5 U.S.C § 2302.[1] The CSRA provides a comprehensive remedial scheme though which federal employees can challenge "prohibited personnel practices" where there has been a "personnel action." 5 U.S.C. § 2302. The statute defines "personnel action" as any appointment, promotion, a disciplinary or corrective action, detail, transfer or reassignment, reinstatement, restoration, reemployment, performance evaluation, decision concerning pay and benefits, decision to order psychiatric examination, or any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A).

---

[1] While neither party discussed the relevance of the CSRA to this action, the Court nevertheless finds the CSRA applicable in this case.

The CSRA is the exclusive remedy for all prohibited personnel actions. Veit v. Heckler, 746 F.2d 508, 510 (9th Cir. 1984). "[I]n enacting the 'CSRA' Congress meant to limit remedies of federal employees bringing claims closely intertwined with their conditions of employment to those remedies provided in the statute." Lehman v. Morrissey, 779 F.2d 526, 527 (9th Cir. 1985). The CSRA "replaced the patchwork system with an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." United States v. Fausto, 484 U.S. 439, 445 (1988).

The Ninth Circuit has held that the CSRA preempts tort claims, including defamation claims, brought by federal employees pursuant to the FTCA where the action complained of constitutes a "prohibited personnel practice." For example, in Mahtesian v. Lee, 406 F.3d 1131 (9th Cir. 2005), the plaintiff alleged a

defamation claim against his colleague who had provided false information during a background check; the plaintiff's offer of promotion was withdrawn following this background check. The Ninth Circuit held that the plaintiff's defamation claim was preempted by the CSRA and that the CSRA extended to those providing personnel recommendations. In Saul v. United States, 928 F.2d 829 (9th Cir. 1991), a federal employee alleged defamation stemming from information contained in a letter written by his supervisor to the American Federation of Government Employees and disclosures made by the supervisor to a congressional aide. The Ninth Circuit construed the CSRA broadly and reasoned that the alleged statements, if determined to be defamatory, would constitute a prohibited personnel practice under the CSRA. Id. at 834 (citing 5 U.S.C. § 2301(b)(8)(A)[2]

[2] 5 U.S.C. § 2301(b)(8) defines a prohibited personnel practice as taking or failing to take, or threatening to take or failing to take, a personnel action with respect to any employee or applicant for employment because of (A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences (i) a violation of any law, rule or regulation..."

and § 2302(b)(11)[3]). Thus, the Ninth Circuit held that the plaintiff's defamation claim was preempted by the CSRA. Finally, the facts in Orsay v. United States Dept. of Justice, 289 F.3d 1125 (9th Cir. 2002) are also instructive. In that case, the plaintiffs claimed that the defendants retaliated against them by opening a disciplinary file on them that contained false information and resulted in their involuntary leave of absence from their employment and their assignment to less desirable positions in violation of the Privacy Act. Id. at 1129. The Ninth Circuit held that the plaintiff's Privacy Act claims fell under the ambit of the CSRA, and thus the CSRA precluded the court's consideration of the plaintiffs' claims. Id. at 1130.

The facts in this case are similar to those presented in Mahtesian, Saul, and Orsay. Here, Plaintiff alleges that Chai and Correa made defamatory

[3] 5 U.S.C. § 2301(b)(11) defines a prohibited personnel practice as taking or failing to take "any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit principles contained in section 2301 of this title.

statements about him that caused him to be terminated from employment and obstructed his ability to compete for future employment. Thus, similar to the cases mentioned above herein, Plaintiff's defamation claim is predicated on a "prohibited personnel action" and is within the scope of the CSRA. First, there is no question that being removed from employment is a "personnel action" as defined by 5 U.S.C. § 2302(a) and 5 U.S.C. § 7512(1). Second, the alleged defamatory statements made by Chai and Correa could fall under a number of "prohibited personnel practices", as defined in 5 U.S.C. § 2302(b)(2) ("to solicit or consider any recommendation or statement, oral or written, with respect to any individual who requests or is under consideration for any personnel action unless such recommendation or statement is based on the personal knowledge or records of the person furnishing it..."); § 2302 b(4)("deceive or willfully obstruct any person with respect to such person's right to compete for employment"); § 2302(b)(8)("take or fail to take, or

threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of...(A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—(i) a violation of any law, rule, or regulation...); and § 2302(b)(12)("take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title."). Since Plaintiff's defamation claim falls within the scope of the CSRA, the CSRA is Plaintiff's exclusive remedy and any claim under the FTCA is precluded.

Consequently, because Plaintiff's claim is precluded by the CSRA, the Court FINDS and RECOMMENDS that the Court remand this action based on lack of subject matter jurisdiction.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, April 26, 2006.




Kevin S.C. Chang
United States Magistrate Judge

CIV 06-00051 SOM-KSC; HARRIS ASAHARA vs. JAMES CORREA, et. al; FINDING AND RECOMMENDATION TO REMAND ACTION FOR LACK OF SUBJECT MATTER JURISDICTION